LOREN F. KRILL, RESPONDENT, *v.* KINGSLEY BROWNELL, AS EXECUTOR, ETC., OF CLINTON D. BROWNELL, DECEASED, APPELLANT.

*Reference of a claim against an estate — right of the prevailing party to recover his disbursements — Code of Procedure, sec. 317, as amended by chapter 479 of 1851.*

The prevailing party, upon the reference of a claim against the estate of a deceased person, is entitled to recover the fees of referees and witnesses, and his other necessary disbursements, as a matter of right.

That clause of section 317 of the Code of Procedure, as amended by chapter 479 of 1851, which gives this right, is still in force.

*Hall* v. *Edmunds* (67 How., 202), and *Sutton* v. *Newton* (2 How. Pr. [N. S.], 56) followed; *Daggett* v. *Mead* (11 Abb. N.C., 116); *Miller* v. *Miller* (32 Hun, 481) overruled.

APPEAL from an order of the Monroe Special Term confirming the report of a referee allowing a claim against the estate of a deceased person, and adjudging that the claimant is entitled to recover his disbursements.

*T. L. Hulburt*, for the appellant.

*Hovey & Parsons* and *George A. Benton*, for the respondent.

SMITH, P. J.:

The only question in this case is whether the prevailing party, upon the reference of a claim against the estate of a deceased per-

son, is entitled to recover the fees of referees and witnesses and his other necessary disbursements, as matter of right. There are conflicting decisions upon the question. The point of difference is whether that clause of section 317 of the Code of Procedure, as amended by chapter 479 of the Laws of 1851, which gives the right, is still in force. The clause provides that whenever any claim against a deceased person shall be referred, pursuant to the provisions of the Revised Statutes, the prevailing party shall be entitled to recover the fees of referees and witnesses and other necessary disbursements, to be taxed according to law. In *Daggett* v. *Mead* (11 Abb. N. C., 116), disbursements as well as costs were disallowed to a prevailing party. That case was decided at Special Term in one of the districts of the Third Department. Subsequently the General Term in that department held, in the case of *Miller* v. *Miller* (32 Hun, 481), that in such cases disbursements do not belong to the prevailing party as matter of right. That case is incorrectly reported in 67 Howard's Reports (135), as having been decided in the old Fourth Department. In *Hall* v. *Edmunds* (67 How., 202) Mr. Justice ANGLE, at Special Term in the Seventh District, came to a conclusion adverse to that of *Daggett* v. *Mead*, and held that the clause of section 317, above referred to, is still in force. Mr. Justice WESTBROOK held the same way at Special Term, in *Sutton* v. *Newton* (2 How. Pr. [N. S.], 56), in a careful opinion, in which he stated correctly, as we think, the effect of subsequent legislation upon the clause in question. It may be briefly restated here. The act of 1877 (chap. 417), which repealed chapter 379 of the Laws of 1848 (§ 1, sub. 22) (the original Code) and also so much of the then existing laws as expressly amended the same (§ 2) (including, of course, the amendments of 1851), excepted from its operation sections 311 to 322, inclusive, of the Code (§ 1, subs. 3, 8). The second general repealing act (Laws 1880, chap. 245), again in express terms repealed the Code of 1848, and also the Code of 1849 (§ 1, sub. 4). It also repealed so much of every provision of the existing laws not previously specified in the first section above cited, relating to fees or other compensation of an officer or other person, as is inconsistent with or the subject matter whereof is fully provided for in the Code of Civil Procedure, whether such provision has been heretofore

generally repealed or not." (Sec. 1, sub. 55.) And it provided in the next section that "the repeal, by the last preceding section, of the Code of Procedure * * * effects also the repeal of all of the existing laws which expressly amend the said Code of Procedure * * * by adding to or otherwise altering the text thereof. (Sec. 2.) But it is provided by the third section that the repeal effected by the first section "does not affect the right of a prevailing party to recover the fees of referees and witnesses and his other necessary disbursements upon the reference of a claim against a decedent, as provided in those portions of the Revised Statutes left unrepealed after this act takes effect." (Sec. 3, sub. 8.) Thus the right to disbursements recognized by the order appealed from is expressly saved.

The appellant's counsel contends, however, that the effect of the eighth subdivision just now quoted is merely to save to the prevailing party the right to recover disbursements as provided in the Revised Statutes. That is a misreading of the statute. The words "as provided, etc., in the Revised Statutes" relate to "the reference" and not to the "right" to recover disbursements. No absolute right to disbursements is given by the Revised Statutes. The provision for a reference is contained in the Revised Statutes (vol. 2, pp. 88, 89, §§ 36, 37), and is "left unrepealed."

It was said in *Miller* v. *Miller* (*supra*) that section 3246 of the Code of Civil Procedure takes the place of section 317 of the old Code, and does not give disbursements as a matter of right. With great respect for our brethren by whom that case was decided, we think the better opinion upon that point was expressed by Judge WESTBROOK in *Sutton* v. *Newton* (*supra*), namely, that as section 3246 relates to costs in *actions* merely, it does not supersede section 317 of the old Code so far as the latter relates to costs and disbursements in a reference under the statute. The section is found in an "article" which is entitled "Regulations respecting the awarding of costs in particular cases," and as "special proceedings" as well as "actions" are expressly mentioned in some of the sections in that article (§§ 3241, 3243), it is fairly to be assumed that where special proceedings are not mentioned in other sections of the article they are not intended to be affected. References under the statute of claims against the estates of deceased persons

have been held to be "special proceedings." (*Young* v. *Cuddy*, 23 Hun, 249; *Mowry* v. *Peet*, 13 W. Dig., 16.)

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.